# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

PRISCILLA A. EBERHARDT,
          Appellant,

      v.

UNITED STATES POSTAL SERVICE,
          Agency.

DOCKET NUMBER
AT-0353-11-0436-C-1

DATE: September 25, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Samuel L. Lovett, Sr.</u>, Atlanta, Georgia, for the appellant.

<u>Earl L. Cotton, Sr.</u>, Esquire, Atlanta, Georgia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the compliance initial decision, which found that the agency established that it was in compliance with a final order of the Board. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the compliance initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      In a Final Order dated August 20, 2014, the Board found that the agency violated the appellant's restoration rights by arbitrarily and capriciously terminating her limited-duty assignment. *Eberhardt v. U.S. Postal Service*, MSPB Docket No. AT-0353-11-0436-B-2, Final Order at 3-6 (Aug. 14, 2014). The Board ordered the agency to provide back pay and benefits in accordance with the Back Pay Act and/or Postal Service Regulations, as appropriate, for the period from January 25, 2011, to June 19, 2012. *Id.* at 7. In due course, the agency calculated the amount owed to the appellant and paid her the amount of $18,297.17 before deductions, as well as two small additional amounts reflecting interest and other matters. Compliance File (CF), Tab 5 at 16, Tab 10 at 6, 23. The appellant filed a petition for enforcement in which she contended that the agency owed her some $79,000. CF, Tab 1, Tab 6 at 4-5. After affording the parties an opportunity to submit evidence and argument in support of their respective positions and considering their submissions, *see* CF, Tabs 8-11, the administrative judge found that the agency submitted credible evidence in support of its calculations that the appellant did not rebut with any specific, nonconclusory, and supported assertions. Compliance Initial Decision at 4-5.

3

She therefore found that the agency was in compliance with the Board's final decision and she denied the appellant's petition for enforcement.  *Id.* at 5.

¶3        The appellant has filed a petition for review in which she asserts that she worked a regular 8-hour day before the agency terminated her limited-duty assignment and she is entitled to back pay and benefits in the amount of 8 hours per day during the relevant time period.  Petition for Review (PFR) File, Tab 1 at 2.  Although the appellant was not in a duty status during the relevant time period, she was carried on a combination of annual leave, sick leave, and leave without pay throughout the relevant time period and therefore was in a pay status for much of the back pay period.  *See* CF, Tab 10 at 11-12.  Further, the agency properly restored the leave that she used while she was not in a duty status.  *Id.* at 13.  Therefore, the agency is entitled to offset the amount owed against the amount the appellant already has been paid.  *Cf. Driscoll v. U.S. Postal Service*, 112 M.S.P.R. 498, ¶¶ 21-23 (2009) (finding that the agency did not violate provisions of the Board's back pay order by deducting from the appellant's award the 3 weeks' worth of pay that the agency had already paid her during the period covered by the back pay order); *Collins v. U.S. Postal Service*, 64 M.S.P.R. 684, 691 (1994) (determining that, where the appellant received a payment for accrued annual leave at the time of his wrongful separation, the agency was required to recredit his leave and recover its value).  The appellant cannot receive her regular salary *and* leave payments without charge to her leave balance for the same duty hours because that exceeds what she would have earned if the unjustified personnel action had not occurred.  *Cf. Markham v. Department of the Navy*, 70 M.S.P.R. 244, 248 (1996) (allowing an employee to keep a lump sum payment for leave and have the leave recredited would be a windfall to the appellant).  Therefore, the administrative judge correctly found that the agency proved by preponderant, unrebutted evidence that it was in compliance with the Board's Final Order.

¶4    With her petition for review, the appellant submits 40 pages of pay stubs, earnings and leave statements, and similar documents that are not a part of the record below.  PFR File, Tab 1 at 5-44.  All of these documents substantially pre-date the close of the record below.  The appellant has not explained, much less established, why, despite her due diligence, she could not have submitted these documents before the record closed below.  *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (finding that under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence).  For this reason, we have not relied on the documents that the appellant submitted with her petition for review.  Moreover, even if we were to review these documents, we would find that they tend to show that the appellant was carried on leave for 8 hours per day during the relevant time period, which undercuts her argument that the agency owes her 8 hours' worth of pay per day and does not require a different outcome in this case.  *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (holding that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services

provided by any attorney nor warrants that any attorney will accept representation in a given case.

 FOR THE BOARD:                       _____
                                      William D. Spencer
                                      Clerk of the Board

Washington, D.C.